OPINION
Deborah G. Lawrence is appealing from the granting of summary judgment in favor of defendants, Project C.U.R.E. and the four individual defendants named in her complaint.
The history of this extended litigation, the facts involved in the case, and the decision of the trial court are set forth in full in its decision granting summary judgment, as follows:
 This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint filed on May 11, 1999. Attorney Frank Payson filed a Motion to Withdraw as Counsel on July 7, 1999. Defendants' Motion for Summary Judgment and Appendix to Defendants' Motion for Summary Judgment were filed on June 1, 2000. On June 7, 2000, a Supplemental Appendix to Defendants' Motion for Summary Judgment
was filed. On June 19, 2000, Plaintiff filed a self-titled Motion for an Order Against Defendants Attorney(s) Conduct and Behavior and to Deny Defendants a Summary Judgment. Defendants then filed a Memorandum in Support of Their Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's "Motion for an order against Defendants Attorney(s) conduct and behavior" [sic] on June 29, 2000. Plaintiff filed a Plaintiff's Response to "Defendants' Memorandum in Support of Their Motion for Summary Judgment and Memorandum in Opposition to Plaintiff's Motion for an Order Against Defendants' Attorney(s)' Conduct and Behavior (Sic)" in Terms of a Motion to Suppress by Plaintiff filed on July 12, 2000. This matter is properly before the Court.
 I. FACTS Pro se Plaintiff Deborah Lawrence filed this lawsuit on November 28, 1998, against her former employer, Project C.U.R.E., Inc., and its Board of Directors, including Board Chair Delores Winslow, Executive Director Zelretta Skelton, Medical Supervisor Sharon Candler, and Accounting Consultant Prentice Alexander (hereinafter "Defendants"). Plaintiff's claims arise out of her employment with and separation from Defendants on November 20, 1998., Plaintiff's employer, Project C.U.R.E. (hereinafter "the employer"), is a non-profit organization that provides counseling, rehabilitation and other support services for recovering alcoholics and drug users. Approximately 90% of the employer's staff are African American, including the Plaintiff and all of her supervisors. The employer hired Plaintiff in August 1998, as its accounting clerk. Plaintiff executed an employment application at the time she was hired that acknowledged that her employment was at-will.
In July 1996, the employer was faced with financial challenges that resulted in the hiring of a consulting firm to conduct an assessment of the entire operation of the employer. The Defendants allege that as a result of this assessment, Plaintiff's position was eliminated, and thus she was terminated. The employer also had a tuition reimbursement policy under which employees with prior approval from the Executive Director are eligible for reimbursement of their tuition for career-related courses upon completion of the course with a grade of "C" or above. This policy was also affected by the austerity program, which froze the policy.
On March 24, 1999, Attorney Frank Payson entered an appearance on behalf of the Plaintiff. On May 11, 1999, he filed a Motion for Leave toFile Second Amended Complaint, in which Plaintiff asserted causes of action for: 1) race discrimination under Ohio Revised Code Chapter 4112; 2) defamation; 3) sex discrimination under Ohio Revised Code Chapter 4112; 4) hostile work environment sexual harassment; 5) acquiescence to sexual harassment; 6) retaliation; 7) breach of contract for tuition reimbursement; 8) promissory estoppel for tuition reimbursement; 9) breach of employment contract for continued employment; 10) promissory estoppel for continued employment; and 11) intentional infliction of emotional distress.
Attorney Payson filed a Motion to Withdraw as Counsel on July 7, 1999. Plaintiff then filed a notice with the Court on July 27, 1999, indicating that she would proceed pro se. Defendants assert that there are no genuine issues of material fact precluding the entry of judgment in their favor, as a matter of law. The Plaintiff has filed a response asserting a general denial of such a judgment.
 II. LAW ANALYSIS A. Standard of Review
Defendants claim summary judgment is appropriate because no genuine issue of material fact exists for trial.
Ohio Rule of Civil Procedure 56(C) states:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Upon a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue of material fact exists for trial. See Harless v. Willis Day Warehousing Co., Inc. (1978),54 Ohio St.2d 64, 66. Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 269; Williams v. First United Church of Christ
(1974), 37 Ohio St.2d 150, 152.
The burden then shifts to the non-moving party to set forth specific facts which show that there is a genuine issue of fact for trial.Harless, 54 Ohio St.2d at 65-66. The non-moving party has the burden "to produce evidence on any issue for which that party bears the burden of production at trial." Leibreich, 67 Ohio St.3d at 269; Wing v. AnchorMedia, Ltd. (1991), 59 Ohio St.3d 108, 111, citing Celotex Corp. v.Catrett (1986), 477 U.S. 317, 322-323. Therefore, the non-moving party may not rest upon unsworn or unsupported allegations in the pleadings.Benjamin v. Deffet Rentals (1981), 66 Ohio St.2d 86; Harless,54 Ohio St.2d at 66. The non-moving party must respond with affidavits or other appropriate evidence to controvert the facts established by the moving party. Id. Further, the non-moving party must do more than show there is some metaphysical doubt as to the material facts of the case. MatsushitaElectric Ind. Co. v. Zenith Radio (1980), 475 U.S. 574.
The Plaintiff has filed a responsive pleading in opposition to Defendants' motion for summary judgment, however, it does not contain any evidence to meet her burden of demonstrating a genuine issue of material fact. Ohio Rule of Civil Procedure 56(E) states:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon mere allegations or denial of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
The failure of a party to properly respond to a motion for summary judgment is not conclusive of a right to summary judgment as the Court may only grant the motion "if appropriate." Civ.R. 56(E).
 B. Preliminary Motions
Upon review of the Court, the Court notes that Plaintiff's Motion forLeave to File Second Amended Complaint and Attorney Payson's Motion toWithdraw as Counsel have not been decided. As the Defendants have not opposed the motions and for good cause shown, the Court SUSTAINS both motions.
C. Order Against Defendants' Attorney's Conduct and Behavior
Defendant's attorney did not engage in any inappropriate conduct by sending Plaintiff's expert witness the correspondence he did or by making telephone calls to Plaintiff's expert witness in an effort to arrange for his deposition. Thus, the Court finds for good cause shown that Plaintiff's motion for an order against Defendants' attorney's conduct and behavior is not well-taken.
D. Plaintiff's Claims
In the case sub judice, the Defendants seek summary judgment on ten different claims.[1] The Defendants, as the moving party, have met their burden of identifying those portions of the pleadings, and other material which demonstrate the absence of a genuine issue of material fact. Further, the Defendants have shown how the Plaintiff cannot meet all the elements of the various claims she must prove. The Plaintiff has failed to put forth any evidence to controvert the facts established by the Defendants. The Plaintiff's general assertion that summary judgment should not be granted is not sufficient to meet her burden of demonstrating a genuine issue of material fact. Defendants' motion for summary judgment is thus well-taken.
 III. CONCLUSION
Accordingly, Plaintiff's Motion for Leave to File a Second AmendedComplaint is hereby SUSTAINED. Attorney Payson's Motion to Withdraw asCounsel is hereby SUSTAINED. Plaintiff's self-titled Motion for an orderagainst Defendant's Attorney(s) conduct and behavior And to DenyDefendants a Summary Judgment is hereby OVERRULED. Defendants' Motionfor Summary Judgment is well-taken and is hereby SUSTAINED.
Counsel and pro se Plaintiff should take note this decision is also in the form of a judgment entry. Therefore, the time for prosecuting an appeal to the Second District Court of Appeals must be computed from the date upon which this decision and entry is filed.
The above captioned case is ordered terminated upon the records of the Common Pleas Court of Montgomery County, Ohio.
Costs are to be paid by the Plaintiff.
In Lawrence's sixty-two page brief filed on appeal (without first obtaining leave of court for its length per App.R. 2.2(A)), she sets forth the following five assignments of error:
 1. THE COMMON PLEAS COURT OF MONTGOMERY COUNTY OHIO ERRED WHEN IT DID NOT CONSIDER THE FACT OF PROJECT'S VIOLATION OF ITS OWN EDUCATIONAL POLICY AS A GENUINE ISSUE OF MATERIAL FACT IN ITS DENIAL TO PAY FOR APPELLANT'S JOB RELATED EDUCATION AND WORTHY OF BEING TRIED BEFORE JURY.
 2. THE SAID COMMON PLEAS COURT ERRED WHEN IT DID NOT CONSIDER THE SLANDEROUS ATTACKS, SEXUAL HARASSMENT AND WRONGFUL TERMINATION OF APPELLANT AS GENUINE ISSUES OF MATERIAL FACT TO BE EXAMINED BY A TRIER OF FACT BEFORE A JURY.
 3. THE COMMON PLEAS COURT ERRED WHEN IT DIN [sic] NOT PROVIDE THE APPELLANT WITH A CEASE AND DESIST ORDER IN RESPONSE TO HER COURT FILING JUNE 19, 2000 AGAINST APPELLEE'S ATTORNEY MICHAEL A. WOMACK et al. ASSOCIATED CONDUCT AND BEHAVIOR THAT CAUSED APPELLANT'S PSYCHIATRIST TO TERMINATE FROM TREATING HER.
 4. THE COMMON PLEAS COURT ERRED WHEN IT DID NOT RESPOND AND/OR DENY APPELLEES A SUMMARY JUDGMENT AS A RESULT OF APPELLANT SAID COURT FILING OF JUNE 19, 2000.
 5. THE COMMON PLEAS COURT ERRED WHEN IT DID NOT RESPOND TO APPELLANT JULY 12, 2000 COURT FILING TO SUPPRESS APPELLEE'S CAPTIONED CASE MEMORANDUM FILED WITH THIS COURT JUNE 29, 2000.
We first note that a motion for summary judgment is an assertion by the moving party that no genuine issue of material fact exists, and that the remaining questions of law can only be decided in a movant's favor. Civ.R. 56(C). The trial court must "construe the evidence in a light most favorable to the party opposing motion." Morris v. Ohio Cas. Ins.Co. (1988), 35 Ohio St.3d 45, 47. The propriety of summary judgment, therefore, is a question of law, and an appellate court reviews a trial court's grant of summary judgment de novo. Children's Med. Ctr. v. Ward
(1993), 87 Ohio App.3d 504, 508.
We have reviewed the entire record that was before the trial court, and we find that its decision was unquestionably correct. Throughout the entire course of this matter, which began in November, 1998, when the complaint was filed, Lawrence has never set forth evidence of the allegations she has made. Her response to defendants' motion for summary judgment was, again, merely general allegations unsubstantiated by any evidence. We approve of the trial court's decision and opinion and adopt it as our own.
The assignments of error are all overruled, and the judgment is affirmed.
 ______________________ FREDERICK N. YOUNG, J.
WOLFF, P.J. and FAIN, J., concur.
[1] Defendants correctly noted that an independent cause of action does not exist for "acquiescence to sexual harassment," which is Plaintiff's Count V in her Second Amended Complaint. Thus, it will be considered with the hostile work environment claim.